[Civ. No. 9075. First Appellate District, Division One.—October 1, 1934.]

THOMAS TREACY, Appellant, v. SUNRISE LAUNDRY CO. et al., Respondents.

Elliott Johnson and D. W. Brobst for Appellant.

Donahue, Hynes & Hamlin for Respondents.

THE COURT.—An action to recover damages for personal injuries alleged to have been caused by defendants' negligence.

Defendants alleged that plaintiff's negligence proximately contributed to his injury, and the trial court found that any injury suffered was the proximate result of the concurrent negligence of plaintiff and defendant Lim Jack. Judgment was entered accordingly and plaintiff has appealed therefrom.

He contends that the evidence is insufficient to support the above finding, and that the trial court committed prejudicial error by the admission of certain evidence.

Plaintiff was struck by an automobile while crossing Eighth Street at its intersection with Campbell Street in Oakland. According to the testimony of himself and his witnesses he was exercising due care, and his injuries were solely due to the negligence of the driver of the automobile. But, according to an eye-witness, the plaintiff and two companions, walking arm in arm, the three being intoxicated and staggering, started to cross Eighth Street in a northerly direction; plaintiff's companions were assisting him, and when about three paces from the southerly curb they stopped. While in this position plaintiff was struck by the automobile, which was proceeding east on Eighth Street. The witness mentioned, who was walking north along the east side of Campbell Street a few feet south of the intersection, testified that he heard the automobile horn and saw the reflection of its lights shortly before the plaintiff was struck, and that the car stopped about twelve feet east of the point of collision. Whether plaintiff looked in the direction from which the automobile was coming before attempting to cross is not clear; there was some testimony that he did, but from the eye-witness' testimony the contrary might be inferred.

Immediately after the accident plaintiff was taken to a hospital, and the physician who examined him upon his arrival testified that he was then under the influence of liquor. The credibility of witnesses and the weight to be given their

testimony were questions for the trial court. (Code Civ. Proc., sec. 1847; 10 Cal. Jur., Evidence, sec. 375, p. 1159.) There was ample evidence to support the conclusion that plaintiff's injury was the proximate result of his own want of ordinary care.

Plaintiff offered in evidence a certified copy of a certificate filed pursuant to section 2466 of the Civil Code, stating the names of the persons doing business under the name of Sunrise Laundry Co. Testimony that the persons named were not in partnership notwithstanding the certificate so stated was admitted over objection. Plaintiff contends that this was error; but in view of our conclusion that the evidence sustains the finding that he was guilty of contributory negligence it will be unnecessary to consider this question.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1934.